UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ADVOCATES          )
170 S. Lincoln Street            )
Suite 150                        )
Spokane, WA 99201                )
       Plaintiff,            )
  v.                             )    C.A. No. 19 - 1685
                                 )
UNITED STATES DEPARTMENT OF      )
 THE INTERIOR                    )
1849 C Street, NW                )
Washington, D.C. 20240           )
                                 )
       Defendant.            )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant UNITED STATES DEPARTMENT OF THE INTERIOR ("Interior" or "the Department"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under four FOIA requests for certain described agency records, to which requests defendant has not provided any of the statutorily required responses and therefore has denied.

2) The records requested would illuminate the public as to the circumstances surrounding the departure of a senior Interior official, now employed by the House Natural Resources Subcommittee on Oversight & Investigations involved in investigating her former agency employer and colleagues. The information is therefore of great public interest.

1

3) As EPA noted in its requests, the subject matter at their heart is of increasing public interest, specifically the relationship between a former senior official in Interior and U.S.-based environmentalist pressure groups as well as members and staff of members on the House Natural Resources Committee. The widespread media and public interest in leaked information during the particular staffer's tenure at Interior, and subsequent congressional investigative requests of Interior, are the basis for one of EPA's requests in the alternative for fee waiver.

4) Interior has failed to provide plaintiff with the requisite records or determination affirming the Department's processing of any of plaintiff's four requests at issue in this matter by, e.g., providing an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. § 552(a)(6)(A)(i), as also articulated by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). Under *CREW*, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days.

5) Interior took for itself a 10-day extension on each request, which also passed still without any response.

6) Defendant Interior's failure to respond has constructively exhausted all of plaintiff's administrative remedies leaving plaintiff no choice but to file this lawsuit to compel Interior to comply with the law with regard to release of agency records.

## PARTIES

7) Plaintiff EPA is a non-profit organization incorporated in the state of Washington and dedicated to transparency and open government. EPA uses state and federal open records law to shed light on the operations of government including private influences on government policymaking and other actions. It thereby also educates the public on those matters.

8) Defendant Department of the Interior is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

9) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

10) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are located in Washington, D.C., and defendant Interior is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

11) Plaintiff has submitted four FOIA requests to Interior. On April 11, 2019, plaintiff submitted three FOIA requests to Interior by electronic mail. One request sought departure and separation-related paperwork of a certain named Interior official. The second sought correspondence between personal and official email accounts of the same indIvidual. The third request sought correspondence to, from, or copying the same individual and certain parties outside of the Department.

12) Interior assigned these requests tracking numbers OS-2019-00717, -00718 and -00720.

13) On April 17, 2019, Plaintiff submitted a FOIA request to Interior seeking copies of any requests for interviews, records, or information submitted by certain United States House of Representatives Committees, as well as any responses or attachments sent by Interior in response to those requests.

14) Interior assigned this request tracking number OS-2019-00751.

15) EPA's requests were specific and clearly defined, requiring no subjective analysis and allowing for ready assessment of the population of potentially responsive records.

16) Plaintiff further narrowed its requests, where applicable, to exclude as non-responsive correspondence that merely forwards press clippings, such as news accounts or opinion pieces.

17) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, that the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D.  Tex. 1978).

18) U.S. Code 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and

agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here as Interior did not seek additional information from plaintiff regarding the requests at issue in this suit.

19) Interior instead invoked a 10-workday extension for each request.

20) Interior owed EPA "CREW" responses to the first three requests by May 9, 2019 and by May 15, 2019 for the fourth. A ten-day extension brought the dates for responses to May 23, 2019 for the first three requests and May 30, 2019 for the fourth. Interior has not provided any substantive response.

21) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

22) Interior is now past its statutory period for issuing such determinations on the above-described requests, and the ten-day extensions it granted itself, without providing any substantive response to plaintiff's requests.

23) Defendant Interior is thereby improperly denying plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
## Duty to Produce Records – Declaratory Judgment

24) Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26) Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

27) Plaintiff is not required to further pursue administrative remedies.

28) Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Interior failed to provide them;

   b. Interior's response to plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy Interior's obligations under FOIA;

   c. Interior must now produce records responsive to plaintiff's requests.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records – Injunctive Relief

29) Plaintiff re-alleges paragraphs 1-28 as if fully set out herein.

30) Plaintiff is entitled to injunctive relief compelling Interior to produce the records responsive to the FOIA requests described in this pleading.

31) Plaintiff asks the Court to enter an injunction ordering Interior to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto.

32) Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs challenges to defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

33) Plaintiff re-allege paragraphs 1-32 as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 10th day of June, 2019,

By Counsel:

_____/s/_____
Christopher C. Horner
for GOVERNMENT ACCOUNTABILITY
    & OVERSIGHT, P.C.
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

ATTORNEY FOR Plaintiff